IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLBANKS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PROGRESSIVE CHOICE<br>INSURANCE COMPANY; AND DOES<br>1-100, inclusive,<br><br>　　　　Defendants. | 1:10-CV-1299 AWI SKO<br><br>ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS THE FOURTH CAUSE<br>OF ACTION AND DISMISSING<br>THE FOURTH CAUSE OF<br>ACTION WITHOUT PREJUDICE<br><br>(Document #9) |

**BACKGROUND**

On May 5, 2010, Plaintiff Kenneth Willbanks filed a complaint for tortious breach of contract, breach of the covenant of good faith and fair dealing, fraud, and unfair business practices in violation of California Business Code § 17000, *et seq*.  The complaint arises from Defendant Progressive Choice Insurance Company's failure to pay Plaintiff benefits allegedly owed to Plaintiff under a car insurance policy.  On July 21, 2010, Defendant removed the action to this court because the parties are citizens of different states and more than $75,000 is at issue.

On August 2010, Defendant filed a motion to dismiss.  Defendant contends that the fourth cause of action, requesting relief under California Business Code § 17000, *et seq.*, is barred by the California Supreme Court's ruling in Moradi-Shalal v. Fireman's Fund Ins. Co., 46 Cal.3d 287 (1988).  Defendant argues that unlawful claims practices are codified in the Unfair

1  Insurance Practices Act ("UIPA"), and no cause of action is available under California Business
2  Code § 17000, *et seq.*, the Unfair Competition Law ("UCL"), for alleged violations of the UIPA.
3       On September 21, 2010, Plaintiff filed an opposition.  Plaintiff admits that the weight of
4  authority stands for the proposition that a claim under California Business Code § 17000, *et seq.*,
5  the UCL, cannot be brought premised on UIPA violations.  However, Plaintiff requests that if the
6  court grants Defendant's motion, Plaintiff be allowed a reasonable time to amend the fourth
7  cause of action to include allegations of unfair and fraudulent practices.   In addition, Plaintiff
8  requests that any dismissal be without prejudice to await the outcome of the California Supreme
9  Court's decision in  Zhang v. Superior Court,105 Cal.Rptr.3d 886 (2010).
10      On September 21, 2010, Defendant filed a reply.   Defendant contends that the UCL
11  claim is barred because the basis of Plaintiff's action against Defendant is how his insurance
12  claims was handled, conduct covered by the UIPA.    Defendant also asks the court not consider
13  the Zhang decision because it does not represent current law.

## LEGAL STANDARD

15      Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the
16  plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A
17  dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the
18  absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside
19  Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th
20  Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all of the complaint's material
21  allegations of fact are taken as true, and the facts are construed in the light most favorable to the
22  non-moving party.  Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th  Cir. 2008);
23  Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general
24  allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and
25  Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept as
26  true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## ALLEGED FACTS

The complaint alleges that prior to April 19, 2008, Plaintiff purchased a policy of automobile insurance from Defendant ("Policy"). The Policy was effective prior to and on the

3

date of the incident.

The complaint alleges that on April 19, 2008, Plaintiff sustained serious and permanent injuries when he was involved in a motor vehicle collision caused by an uninsured motorist. The complaint alleges Plaintiff sustained losses covered by the Policy, including, but not limited to, medical expenses, lost earnings, loss of earning capacity, and physical and emotional pain and suffering. The complaint alleges that Plaintiff timely notified Defendant of the loss. The complaint alleges that the loss was covered by the terms of the Policy's uninsured motorist provisions.

The complaint alleges that after being notified of the loss, Defendant interviewed Plaintiff and otherwise investigated the claim in such a manner that it knew or should have known that Plaintiff's injuries were serious and could pose future problems for Plaintiff. The complaint alleges that, nevertheless, Defendant failed and refused to conduct a prompt, full and complete investigation of the claim.

The complaint alleges that on May 2, 2008, Defendant's claims adjuster, James Mansius, went to Plaintiff's home under the guise of seeking to compensate him for the loss of his car. On that occasion, the adjuster told Plaintiff he could receive $750 from Defendant as compensation for the cut over Plaintiff's eye. The complaint alleges that in reality the adjuster was following a comply policy of aggressively closing claims, even the claims of Defendant's own insureds. The complaint alleges that unbeknownst to Plaintiff, Mr. Mansius was seeking to cut off Plaintiff's uninsured motorist claim for an amount well below the true value of Plaintiff's claim.

The complaint alleges that when the adjuster met with Plaintiff on May 2, 2008, the adjuster knew that the value of Plaintiff's uninsured motorist claim was then well in excess of $750. The complaint alleges that the adjuster had a duty under California law to not attempt to settle Plaintiff's claim for an unfair low amount. Moreover, the adjuster had a duty to advise Plaintiff of his available policy benefits.

The complaint alleges that in violation of California law, California insurance

4

regulations, and the implied covenant of good faith and fair dealing, Defendant's adjuster, Mr. Mansius, solicited Plaintiff's signature on a "release" in exchange for payment of $750 from Defendant to Plaintiff.

The complaint alleges that soon thereafter, Plaintiff's injuries from the accident required significant medical care, including neck surgery.  Plaintiff timely submitted information about such continuing losses, but the complaint alleges that Defendant refused and continues to refuse to even consider paying Plaintiff any of the benefits he is entitled to under the Policy.  Instead, the complaint alleges Progressive insists that Plaintiff's uninsured motorist claim was settled for $750.

## DISCUSSION

The complaint's fourth cause of action requests injunctive relief and restitution pursuant to California Business & Profession Code § 17200, *et seq.*, the UCL.  In the fourth cause of action, Plaintiff alleges that he is informed and believes that Defendant has engaged in and continues to engage in unlawful claims practices and Defendant has denied coverage and will continue to be deny coverage due to Defendant's unlawful claims practices.  The fourth cause of action incorporates by references the allegations continued earlier in the complaint and asserts the UCL claim is based on the "unlawful claims practices as alleged above."  Defendant contends that Plaintiff's claim under Section 17200 is barred because it is based on alleged violations of the UIPA.

The violation of a California statute does not necessarily give rise to a private cause of action, and "whether a party has a right to sue depends on whether the Legislature has manifested an intent to create such a private cause of action under the statute." Lu v. Hawaiian Gardens Casino, Inc., 50 Cal.4th 592, 596 (2010).  The California Supreme Court has held that the UIPA does not create a private right of action for violations of its provisions. Moradi-Shalal v. Fireman's Fund Ins. Companies, 46 Cal.3d 287, 310-11 (1988).  "Neither the California Insurance Code nor regulations adopted under its authority provide a private right of action."

Rattan v. United Servs. Auto. Ass'n, 84 Cal.App.4th 715, 724 (2001).

The fourth cause of action, however, does not allege a violation of the UIPA. Rather, it requests relief under the UCL. Section 17200 provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Because Section 17200 is written in the disjunctive, it establishes three types of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent – that are prohibited. Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999); Drum v. San Fernando Valley Bar Ass'n, 182 Cal.App.4th 247, 253 (2010); Davis v. Ford Motor Credit Co., 101 Cal.Rptr.3d 697, 706 (2009). "Virtually any law – federal, state or local – can serve as a predicate for a section 17200 action." State Farm Fire & Casualty Co. v. Superior Court, 45 Cal.App.4th 1093, 1102-1103 (1996).

Despite the fact that a UCL claim can be based on California law, the California Supreme Court has held that a plaintiff may not "plead around" the limitations on raising UIPA claims by casting them as claims brought under the UCL. Manufacturers Life Ins. Co. v. Superior Court, 10 Cal.4th 257, 267 (1995); Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh, 118 Cal.App.4th 1061, 1070 (2004). In Textron, the California Court of Appeal explained why a UCL based on violations of the UIPA is barred:

> The specific allegations of wrongful conduct contained in plaintiff's [Unfair Competition Law] cause of action, using misleading documents and misrepresenting both the terms of the insurance policies and its obligations under them for its own benefit, are the type of activities covered by the UIPA. (Ins.Code, § 790.03, subds.(a) & (h).) . . . Under the foregoing cases, merely alleging these purported acts constitute unfair business practices under the unfair competition law is insufficient to overcome Moradi-Shalal.

Textron, 118 Cal.App.4th at 1070-71. Following Textron, numerous Federal Courts have refused to allow Section 17200 claims that were based on a Defendant's alleged violations of the UIPA. See e.g., R & R Sails, Inc. v. Insurance Co. of State of Pennsylvania, 610 F.Supp.2d

1222, 1233 (S.D.Cal. 2009); Doyle v. Safeco Ins. Co. of America, 2008 WL 5070055, at *7-8 (E.D.Cal. 2008); AHO Enterprises, Inc. v. State Farm Mut. Auto. Ins. Co., 2008 WL 4830708, at 5 (N.D.Cal. 2008).

In this action Plaintiff's Section 17200 claim is based on Defendant's alleged violations of the UIPA. The face of the complaint's fourth cause of action states that it is based on Defendant's denial of insurance coverage, along with the preceding paragraph's allegations. The court finds that, as in Textron, Plaintiff simply re-labeled his Section 17200 claim, which would otherwise fall within the UIPA as "unfair" business practices, as a UCL claim. As such, the fourth cause of action is barred as a matter of law.

The court recognizes that in other cases California courts have allowed a cause of action, for conduct made unlawful by statutes other than the UIPA, to proceed against an insurer under the UCL. Manufacturers Life Ins., 10 Cal.4th at 271. For example, the California Supreme Court has allowed an action against an insurance company under the UCL where the alleged conduct constituted an unlawful restraint on trade under the Cartwright Act even though it also violated the UIPA. Textron, 118 Cal.App.4th at 1071; see also AICCO, Inc. v. Insurance Co. of North America, 90 Cal.App.4th 579, 597 (2001) (even assuming that portions of a UCL claim come within scope of the acts prohibited by the UIPA, it also potentially violates California Civil Code § 1457). However, in neither the complaint nor the opposition brief does Plaintiff propose another statute to base Plaintiff's UCL claim on. Thus, dismissal is appropriate.

In his opposition, Plaintiff requests that the court dismiss the UCL claim without prejudice in light of Zhang v. Superior Court, 100 Cal.Rptr.3d 803 (2009). In Zhang, the California Court of Appeal determined that if conduct violates only the UIPA, Moradi-Shalal requires that a civil action under the UCL be barred. Zhang, 100 Cal.Rptr.3d at 807. However, the California Court of Appeal also held that if a plaintiff expressly alleges conduct that violates something other than the UIPA, there is no reason to bar the claim. Zhang, 100 Cal.Rptr.3d at 809; see also Williams v. Prudential Ins. Co., 2010 WL 431968, at *2 (N.D.Cal. 2010); Burdick

v. Union Sec. Ins. Co., 2009 WL 4798873, at *13 (C.D.Cal. 2009).  The California Supreme Court recently granted review in Zhang and superseded the California Court of Appeal's opinion. See Zhang v. S.C., 225 P.3d 1080, 105 Cal.Rptr.3d 886 (2010).   Thus, at this time, Zhang is no longer good law, and the court declines to follow it.  However, because the California Supreme Court's ruling om Zhang may clarify Textron, the court's dismissal of the fourth cause of action will be without prejudice to Plaintiff filing a properly noticed motion for leave to amend.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendant's motion to dismiss Plaintiff's fourth cause of action for unfair business practices under Section 17200 is GRANTED; and

2. Plaintiff's fourth cause of action for unfair business practices under Section 17200 is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:   November 16, 2010

CHIEF UNITED STATES DISTRICT JUDGE